# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:21CR00037 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **ALONSO CANTU-CANTU,** ) | J<small>UDGE</small> J<small>AMES</small> P. J<small>ONES</small> |
| ) | |
| Defendant. ) | |

*M. Suzanne Kerney-Quillen, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Matthew L. Felty, F*<small>ELTY</small> *L*<small>AW</small> *F*<small>IRM</small>*, Abingdon, Virginia, for Defendant.*

Before the court are two post-trial motions filed by the defendant Alonso Cantu-Cantu, namely a Rule 29 Motion for Judgment of Acquittal (Rule 29 Motion) and a Rule 33 Motion for a New Trial (Rule 33 Motion). For the reasons that follow, I will deny both motions.

I.

After a multi-day jury trial, Cantu-Cantu was convicted of one count of conspiracy to distribute or possession with intent to distribute Schedule II controlled substances.[1] At trial, the government called two witnesses whose testimony is now

---

[1] Cantu-Cantu was also charged with two counts of distribution and possession with intent to distribute, but I declared a mistrial as to those counts because the jury was unable to reach a unanimous verdict. The government subsequently moved to dismiss those counts without prejudice, which I granted.

at issue: Amber Lynn Tackett and Daniel Rosa-Suarez. Both witnesses, who were also involved in the drug conspiracy, testified at length about traveling to Houston, Texas, on multiple occasions to retrieve drugs from their supplier, "Primo." The government also introduced, among other evidence, jail calls involving Tackett, Rosa-Suarez, and Primo, Google Earth photographs of a house located at 7226 Saunders Road in Houston that Daniel Rosa-Suarez identified as Primo's residence, records of money orders that Tackett testified Primo directed her to send to various persons, and cell phone records showing contact between the witnesses and the defendant. The case agent testified that the witnesses identified Cantu-Cantu as Primo through photograph arrays during interviews. Both Tackett and Rosa-Suarez identified Cantu-Cantu as the supplier Primo at trial.

In his Rule 29 Motion, Cantu-Cantu asserts that no reasonable juror could have found him guilty because both Tackett and Rosa-Suarez incorrectly identified him in one of the Google Earth photographic exhibits. He reasserts this argument in his Rule 33 Motion and also contends that a new trial is warranted because Tackett and Rosa-Suarez lied under oath and were otherwise not credible witnesses.

In opposition, the government argues that substantial evidence was presented at trial to support the jury's guilty verdict, that Cantu-Cantu's arguments regarding the Google Earth photograph is without merit, that the jury was given an opportunity to consider the witnesses' credibility issues, and finally that the inconsistences in

Tackett and Rosa-Suarez's testimony were minor and do not warrant a new trial in light of the other evidence.

II.

A. *Rule 29 Motion.*

I begin with the motion brought pursuant to Rule 29 of the Federal Rules of Criminal Procedure. When considering a motion for judgment of acquittal, the trial evidence is to be viewed in the light most favorable to the prosecution and denial is proper where substantial evidence supports the verdict. *United States v. Zelaya*, 908 F.3d 920, 925 (4th Cir. 2018). "'Substantial evidence' means 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" *United States v. Armel*, 585 F.3d 182, 184 (4th Cir. 2009) (citation omitted). In appraising the sufficiency of the evidence, it is not necessary that the trial judge be convinced beyond a reasonable doubt of the guilt of the defendant. Instead, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The court is "not entitled to assess witness credibility, and [should] assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Jeffers*, 570 F.3d 557, 565 (4th Cir. 2009).

Here, the basis for Cantu-Cantu's Rule 29 Motion is that Tackett and Rosa-Suarez incorrectly identified Cantu-Cantu in one of the government's Google Earth image exhibits, Exhibit 38. He specifically argues that the person shown in the image has a sleeve tattoo and that Cantu-Cantu does not, so no reasonable juror could have found him guilty and that acquittal is warranted. I disagree.

As an initial matter, a reasonable juror could have concluded that that the person shown in Exhibit 38 does not have a sleeve tattoo. The image is not zoomed on the individual's arm, and it is far from clear what the slight discoloration is on the person's arm. While the jury certainly could have disbelieved that it was Cantu-Cantu in photograph, I do not agree with the defendant that "the person in the photograph cannot in fact be the Defendant." Def.'s Reply 2, ECF No. 309.

Moreover, the government introduced substantial evidence at trial connecting Cantu-Cantu to the conspiracy. Rosa-Suarez identified the 7226 Saunders Road residence pictured in Exhibit 38 as Primo's house. He identified one of the cars in the driveway as Primo's car. Tackett also testified that based on the silhouette of the individual, the individual appeared to be Primo. The witnesses testified that they had numerous face-to-face interactions with Primo, were able to identify him in a photo lineup to law enforcement during interviews and were able identify Cantu-Cantu as Primo under oath in the courtroom at trial. The government introduced data from cell phones connecting the witnesses to Cantu-Cantu as well as

MoneyGram receipts and returns linking transactions between Tackett and Cantu-Cantu.  Viewing the evidence in a light most favorable to the government, I find that a rational factfinder could have concluded that Cantu-Cantu was Primo and thus was a member of the conspiracy for which the jury convicted him.  Accordingly, the government's evidence was sufficient to prove its case, and Cantu-Cantu's Rule 29 Motion fails.

B. *Rule 33 Motion.*[2]

I turn to the motion for a new trial.  Under Rule 33 of the Federal Rules of Criminal Procedure, the court may grant a defendant's motion for a new trial "if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  The Fourth Circuit has held that "a trial court 'should exercise its discretion to award a new trial sparingly,' and a jury verdict is not to be overturned except in the rare circumstance when the evidence 'weighs heavily' against it." *United States v. Smith*, 451 F.3d 209, 217 (4th Cir. 2006) (citation omitted).  Unlike with a motion to acquit, the court is not required to view the evidence in the light most favorable to the government. *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985).  In assessing such a motion, the court sits as a juror, conducting its own assessment of the evidence. *United States v. Rafiekian* (*Rafiekian II*), 68 F.4th 177, 186 (4th Cir. 2023).  A new

---

[2] I find that an evidentiary hearing is not necessary to determine the motion, as I am familiar with the trial evidence and the grounds the defendants are asserting for a new trial. *United States v. Greene*, 581 F. App'x 280, 282 (4th Cir. 2014) (unpublished).

trial "may be granted where the government *has* presented sufficient evidence, . . . but the court nevertheless 'disagree[s] with the jurors' weighing of the evidence' in finding the defendant guilty." *Id.* (citation omitted). "Nevertheless, the 'standard for jettisoning a jury verdict in favor of a new trial' remains 'demanding' . . . ." *United States v. Rafiekian*, 991 F.3d 529, 549 (4th Cir. 2021) (citation omitted).

Here, I do not find that the evidence as a whole "preponderates sufficiently heavily against the verdict that serious miscarriage of justice may have occurred." *Rafiekian II*, 68 F.4th at 189 (citation omitted). The inculpatory evidence admitted at trial and described in part above, was considerable. It included Tackett's and Rosa-Suarez's identification of Cantu-Cantu both in court and during pre-trial law enforcement interviews, as well as sworn testimony regarding their numerous face-to-face interactions with Cantu-Cantu, and voluminous records corroborating Tackett's testimony about her trips to Houston. Evidence also implicates Cantu-Cantu that is not solely reliant on Tackett's and Rosa-Suarez's word. The case agent testified that through the collection of MoneyGram receipts from Tackett, he subpoenaed returns that matched the receipts and that listed Cantu-Cantu as payee. The case agent also testified that cell phone numbers Rosa-Suarez identified as Primo's were associated with cell phones for which Cantu-Cantu was subscribed.

It is true that Tackett and Rosa-Suarez were not perfect witnesses. Co-conspirators in criminal enterprises rarely are. Both had prior felony convictions.

Tackett was not entirely forthcoming during her testimony regarding her profits from the conspiracy.  There was evidence that undercut Rosa-Suarez's testimony about the lack of involvement of certain relatives, the names of other drug suppliers, the seizure of certain instruction letters directed to Tackett, and that Tackett's aunt had drugs at her residence.  Moreover, the government's Exhibit 38, discussed *supra*, is not a crystal-clear image of Cantu-Cantu or of his arm, but it does appear to show some discoloration on the arm for which the defendant claims is a tattoo.  However, I do not find that these considerations entirely undermine the witnesses' credibility, particularly Tackett's, who was able to testify in detail about her various trips to meet Cantu-Cantu.  I find her testimony implicating Cantu-Cantu to be trustworthy.  Thus, given the demanding standard for granting a new trial and in light of the cumulative weight of the overall evidence, *Rafiekian II*, 68 F.4th at 186–87, I do not find that a new trial is warranted.

### III.

Accordingly, it is **ORDERED** that the motions, ECF Nos. 281 and 282, are DENIED.

ENTER:   July 18, 2023

/s/  JAMES P. JONES
Senior United States District Judge